# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SMITH V. LIFE ASSOCIATION OF AMERICA.

### April 6, 1882.

REMOVAL OF CAUSES—*Non-resident defendant—Case reopened.*—Non-resident Ins. Co. is sued by citizen of Virginia on a contract made outside this State. On affidavit that defendant is a non-resident corporation, having effects in P county in this State, attachment is sued out to subject those effects to plaintiff's claim, and order of publication made and executed. Neither process in the suit nor copy of attachment is served on defendant. Judgment is rendered April, 1878, against defendant. In September, 1878, defendant petitioned the court to reopen and rehear the case. Case being reopened, defendant filed petition setting forth that amount in dispute was over $500, and controversy between citizens of different States, tendered the usual bond with security, and prayed the removal of the cause to the circuit court of the United States for the eastern district of Virginia.

HELD :

1. Suit not against foreign corporation doing business in Virginia, under Code 1873, ch. 166, § 7, but under ch. 148, § 1 and § 20.
2. Under ch. 148, § 27, defendant was entitled to have the case reopened and reheard.
3. Under laws of United States defendant was also entitled to the removal as prayed for, the motion therefor having been made at first term, at which the cause might have been tried. See *Harter* v. *Kernochan*, 13 Otto, 567.

Error to judgment of circuit court of Powhatan county, in suit of Willis B. Smith, of Virginia, against the Life Association of America, of State of Missouri, on a contract made in State of Ohio, for services of plaintiff rendered and to be rendered in State of Kentucky. Attachment against effects of defendant in said county. No process in suit or copy of attachment served on defendant before

judgment, which was rendered against defendant in April, 1878. Motion by defendant in September, 1878, to reopen and rehear case. That granted, motion by defendant to remove cause to Federal court, and cause removed. Plaintiff obtained writ of error. Other facts and proceedings stated in opinion of court.

*Geo. J. Hundley,* for appellant.

*L. R. Page,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, instituted an action of trespass on the case, in the circuit court of Powhatan county, against the Life Association of America, defendant, to recover a claim of $4,000. He proceeded against said association as a non-resident defendant, who had effects or debts due it in said county of Powhatan, and by attachment and garnishment; and by order of publication against the non-resident defendant.

On the 9th of April, 1878, the plaintiff recovered a judgment against the defendant for $2,000, and against R. F. Archer, who had been garnisheed, for $1,236, with interest on part thereof, in part of his judgment against the defendant.

On the 6th of September following, the said Life Association filed a petition in said court, setting out the judgments aforesaid, and averring that petitioner was not served with a copy of said attachment, or with any process issued in said suit, sixty days before judgment was rendered thereon against him, and that defendant did not appear and make defence in said suit, and that the defendant is not indebted to the said plaintiff in the amount of said judgment, or in any amount whatever; and prayed that

the said judgments may be reopened and reheard, and that
the defendant may be allowed to make such defence as it
may be advised is lawful and proper. And upon said peti-
tion, the defendant having given satisfactory security for
costs, it was ordered that the cause be reinstated on the
docket, the judgment aforesaid set aside, and the cause re-
heard. And thereupon, on the same day, on the petition
of the defendant setting out that the controversy was be-
tween citizens of different States—the petitioner being at
the time this suit was instituted, and still is, a citizen of
Missouri, and the defendant was, and is, a citizen of Vir-
ginia—the said cause was by order of the said circuit court
of Powhatan removed to the circuit court of the United
States for the eastern district of Virginia.

The plaintiff excepted to the rulings of the court—first,
granting the defendant a rehearing, and second, removing
the cause to the circuit court of the United States, and to
the said orders obtained a writ of error from this court.

The reopening of the case by setting aside said judg-
ments is assigned as error, because the defendant had been
served with sufficient process and notice according to Code
of 1873, ch. 166, § 7.

The proceeding in this suit was not under that section.
It is not a proceeding against a corporation incorporated
by the laws of this State, nor is it against a foreign corpo-
ation transacting business in this State. It appears by the
record that it is a corporation of the State of Missouri; and
that the alleged contract, for breach of which this suit was
brought, was not made in this State, but was made in the
State of Ohio, and the affidavit upon which the order of
publication was issued, avers that it was a non-resident
corporation, having estate or debts due it in the county of
Powhatan, in the State of Virginia, and an attachment was
sued out to subject such estate of or debts due the non-
resident defendant to the payment of the plaintiff's claim.

And neither process in the aforesaid suit, nor copy of the aforesaid attachment, having been served on the said defendant, it is ordered that it appear here within one month after the due publication of this order and do," &c. By section 10, on affidavit that the defendant is not a resident of the State, or in any suit where the names of the persons interested in the subject to be divided or disposed of are unknown, an order of publication may be entered against such non-resident, or unknown defendant. And by section 16, any unknown party, or other defendant, who was not served with process, and did not appear in the case before the date of such judgment, decree or order, * * * may within five years from that date, if he be not served with a copy of such judgment, decree or order, more than · a year before the end of the said five years, and if he be so served, then within one year from the time of such service, petition to have the case reheard, and may plead or answer, and have any injustice in the proceeding corrected.

In this case the judgment against the non-resident defendant on publication, was rendered on the 9th day of April, 1878. And on the 6th of September of the same year, its petition to reopen and rehear the case was presented to the court. We are of opinion, therefore, that the court did not err in ordering the case to be reopened and allowing the defendant to plead. The same order is warranted by § 29, ch. 148, p. 1015 of the Code.

Another assignment of error is the order directing the cause to be removed to the federal court, the laws of the United States requiring the motion for the removal to be made at the first term at which the cause might be tried. The motion for the removal was made on the same day that the order was made, upon the petition of the defendant, to reopen the case and to allow the defendant to plead. The defendant thereupon, on the same day, entered a demurrer to the plaintiff's declaration, and to each of the

several counts thereof, and entered its plea to the action, and then, on the same day, presented its petition to the court to remove the cause to the circuit court of the United States. This was the first time at which the cause could be tried, after the appearance of the defendant. But this question, if there could have been any doubt about it, is decisively answered by a recent decision of the supreme court of the United States, in *Harter* v. *Kernochan*, 103 United States R. Otto, 13, p. 567. The court said, "It is sufficient to say that the defendant, within the period fixed by the statute, appeared and secured the opening of the decree. The first term thereafter, at which the cause could properly have been tried, upon the merits, as to him, was the term at which, within the meaning of the act, he should have filed his petition for removal." And the defendant in this case appeared within the period fixed by the statute and secured the opening or setting aside of the judgment, and the privilege of pleading to the plaintiff's action, and at the same term filed his petition for the removal, which, according to this decision, was in ample time, as it holds that the first term thereafter he might have properly, within the meaning of the act, have filed his petition for the removal of the cause.

The plaintiff also excepted to the ruling of the court refusing to allow him to file his answer to the defendant's petition to open the case, and allow him to appear and make his defence, the day after the court had passed upon said petition and entered its order. But as the whole matter was in the breast of the court, if sufficient cause was presented by the answer for rejecting defendant's petition, the court might and ought to have set aside the order made the day before, and allowed the plaintiff to file his answer. But upon an inspection of the answer, which is made a part of the record by the bill of exceptions, and seeing that it does not set forth grounds which

would have warranted the denial of the defendant's said petition, we are of opinion that there is no error in the overruling by the court of plaintiff's motion.

There are other assignments of error by the plaintiff which we have considered, but do not deem sufficient to warrant a reversal of the judgment of the court below. We are of opinion therefore to affirm the judgment, with costs, &c.

JUDGMENT AFFIRMED.